

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2006

# Blacknall v. Citarella

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Blacknall v. Citarella" (2006). *2006 Decisions.* Paper 1689.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1689

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3694
_____

MICHAEL BLACKNALL,
Appellant

v.

CHRISTOPHER CITARELLA; STEVEN GEORGALAS;
WILLIAM V. LEVERONI; THOMAS V. FOTIGANTE;
JOHN DOE ZIPERSON; JOSEPH W. OXLEY;
MONMOUTH COUNTY SHERIFF DEPARTMENT;
MONMOUTH COUNTY; GARY J. HILTON; CLIFFORD DANIELS;
MONMOUTH COUNTY CORRECTIONAL FACILITY; DORTHY H. AVALLONE;
TOWNSHIP OF FREEHOLD; FREEHOLD TOWNSHIP POLICE DEPARTMENT;
JOHN DOE, CHIEF OF POLICE; LAWRENCE LOOS; JANE VITULLI; JERRY
KIWIT; MICHAEL SMITH, all in their Individual and Official Capacities
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 04-cv-01679)
District Judge: Anne E. Thompson
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2006

Before:  RENDELL, AMBRO and BECKER, Circuit Judges.

(Filed:  January 31, 2006)

PER CURIAM

On April 29, 2000, Michael Blacknall was arrested by Monmouth County Corrections Officer Christopher Citarella outside the VFW Hall in Freehold Township, New Jersey. On February 15, 2001, following a jury trial, Blacknall was convicted in the Superior Court of New Jersey, Monmouth County, of third-degree aggravated assault on a police officer and third-degree resisting arrest. Blacknall was sentenced to a term of five years' imprisonment, with a two-year parole disqualifier.

On April 10, 2002, Blacknall submitted the underlying pro se complaint pursuant to 42 U.S.C. § 1983 and § 1985 in the United States District Court for the District of New Jersey. In his complaint, Blacknall alleged that the defendants violated his civil rights during his arrest and trial. Specifically, Blacknall alleged claims of false arrest or imprisonment, excessive force, perjury and falsification of evidence, failure to train, and conspiracy. Blacknall sought declaratory and injunctive relief, as well as compensatory and punitive damages. In answering Blacknall's complaint, the defendants asserted cross-claims for contribution and indemnification, and eventually moved for summary judgment based upon the doctrine of issue preclusion.[1]

_____

[1] Shortly after his arrest, Blacknall filed a simple assault complaint against Officer Citarella based on the events of April 29, 2000. Following a hearing in Freehold County

By orders entered June 3, 2003, and July 10, 2003, the District Court granted the defendants' motions for summary judgment, concluding that Blacknall's claims were barred by issue preclusion. Blacknall appealed. See C.A. No. 03-2712. However, defendant Steven Georgalas' motion for summary judgment, as well as the defendants' cross-claims, remained pending in the District Court. Thus, on March 2, 2004, this Court dismissed Blacknall's appeal for lack of appellate jurisdiction. Blacknall then returned to the District Court, filing a motion for certification of judgment pursuant to Federal Rule of Civil Procedure 54(b). By order entered July 19, 2005, the District Court denied Blacknall's Rule 54(b) motion as moot, dismissed the defendants' cross-claims, and granted Steven Georgalas' motion for summary judgment. This timely appeal followed.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We subject the District Court's grant of summary judgment to plenary review, and apply the same standard as the District Court. McLeod v. Hartford Life and Acc. Ins. Co., 372 F.3d 618, 623 (3d Cir. 2004). We may affirm the District Court on any grounds supported by the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000) (en banc). Because this appeal presents no "substantial question," we will summarily affirm the District Court's July 19, 2005, order. 3d Cir. LAR 27.4 and I.O.P. 10.6.

Blacknall's claim of false arrest or false imprisonment is barred by Heck v. Humphrey, 512 U.S. 477, 481 (1994) (holding that a litigant cannot proceed under § 1983

Municipal Court, the complaint against Officer Citarella was dismissed for lack of probable cause. Blacknall did not appeal.

3

if success on his claim would necessarily imply the invalidity of the fact or duration of his conviction or sentence). Blacknall alleges that his April 29, 2000, arrest and imprisonment were unlawful. Blacknall, however, was indicted, tried, and convicted of third-degree resisting arrest which required proof that Blacknall prevented a law enforcement officer from effecting a *lawful* arrest by using or threatening to use physical force or violence against an officer. See N.J.S.A. 2C: 29-2(a)(3). Therefore, because Blacknall would have to negate an element of third-degree resisting arrest, an offense of which he has been convicted, in order to prevail on his claim of false arrest or imprisonment, his claim is barred by Heck. See Heck, 512 U.S. at 487 n. 6.

An excessive force claim requires proof that the officers' conduct was objectively unreasonable, considering several factors. See, e.g., Carswell v. Borough of Homestead, 381 F.3d 235, 240 (3d Cir. 2004) (the standard of reasonableness assesses the circumstances "from the perspective of a reasonable officer on the scene") (citations and quotations omitted). These factors include: the severity of the crime, whether the suspect poses an immediate threat, and whether the suspect is resisting arrest. Graham v. Connor, 490 U.S. 386, 396 (1989). Further, "[n]ot every push or shove, even if it later may seem unnecessary in the peace of a judge's chambers' violates the Fourth Amendment." Id. (internal quotations and citation omitted). Here, officers responded to sounds of gunfire at the VFW Hall. In attempting to locate the weapon or weapons, Officer Citarella initiated contact with Blacknall. The record clearly shows that Blacknall was acting belligerently, cursing and refusing to follow directions. The situation escalated, and

4

Blacknall hit Officer Citarella in the face. At that point, Officer Citarella pulled Blacknall to the ground with a "leg sweep," scratching Blacknall's face in the process. Under these circumstances, where he responded with minimal force to a physical attack, Officer Citarella's actions were reasonable under the Fourth Amendment.

Blacknall's claim that Officers Citarella and Georgalas filed false incident reports and offered perjured testimony at his state trial is likewise without merit. Although Blacknall's version of the events of April 29, 2000, differs from that of the officers, Blacknall's assertion that their incident reports were intentionally false is conclusory and wholly unsupported by evidence in the record. Moreover, it is well-settled that police officers are absolutely immune from § 1983 suits for damages for giving allegedly perjured testimony at a criminal trial. Briscoe v. LaHue, 460 U.S. 325 (1983).

We next conclude that Blacknall's claim that the supervisory defendants failed to adequately train Officers Citarella, Georgalas, and Leveroni lacks merit. "A supervising authority may be liable under § 1983 for failing to train police officers when the failure to train demonstrates deliberate indifference to the constitutional rights of those with whom the officers may come into contact." Gilles v. Davis, 427 F.3d 197, 207 n. 7 (3d Cir. 2005) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)). But to establish liability on a failure to train claim under § 1983, a plaintiff "must identify a failure to provide specific training that has a causal nexus with [his] injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz v. County

5

of Bucks, 125 F.3d 139, 145 (3d Cir. 1997).  Because Blacknall failed to make this showing, the supervisory defendants were entitled to summary judgment on his failure to train claim.

Finally, to the extent that Blacknall alleged a conspiracy, his claim lacks merit because it rests solely upon subjective suspicions and speculation, and is unsupported by any allegation or evidence of race-based animus.  See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); see also Young v. Kann, 926 F.2d 1396, 1405 (3d Cir. 1991).

For the foregoing reasons, we will summarily affirm the District Court's July 19, 2005 order.